**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **PABLO RIOS, individually and on behalf of all others similarly situated,** | |
| *Plaintiff,* | **CIVIL ACTION NO. __1:22-cv-2212__** |
| **V.** | **CLASS AND COLLECTIVE ACTION** |
| **METRO COMMUNICATION USA LLC,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

**PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

Plaintiff Pablo Rios ("Plaintiff" or "Rios"), individually and on behalf of all others similarly situated, files this Original Class and Collective Action Complaint against Metro Communication USA, LLC ("Defendant" or "Metro"), showing in support as follows:

## I.  NATURE OF THE CLAIM

1.      This is a civil action brought under the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), seeking damages for Defendant's failure to pay plaintiff and similarly situated employees time and one half the regular rate of pay for all hours worked over 40 during each seven-day workweek. Plaintiff brings this claim as a collective action pursuant to 29 U.S.C. § 216(b).

2.      This action is also brought under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL"), for Defendant's violations of Illinois State Law. Plaintiff brings this claim as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

3.      Defendant is a company engaged in the sale of consumer electronics as a franchise of Metro by T-Mobile. Plaintiff and the putative Class and Collective Action Members are non-

exempt employees of Defendant who worked at its retail stores as sales employees. Although Plaintiff and the putative Class and Collective Action Members frequently worked in excess of forty hours in a workweek, Defendant only paid them hourly wages for forty hours of work per week maximum. This practice violated relevant state and federal laws.

4.     Defendant also paid Plaintiff and the putative Class and Collective Action Members additional remuneration in the form of commissions and bonuses which were not included in the regular rate of pay when calculating overtime premium pay owed to them, as Defendant did not pay any overtime pay despite their frequent work in excess of forty hours per week. This practice violated relevant state and federal laws.

5.     Defendant's policies and/or practices with regard to Plaintiff and the putative Class and Collective Action Members were uniformly applicable to all of them. Plaintiff seeks all damages available under the law for Defendant's violations of state and federal law including unpaid wages, liquidated damages, punitive damages, attorneys' fees, recoverable costs, pre- and post-judgment interest, and any other remedies to which they may be entitled.

## II.     PARTIES

### A.     Plaintiff Pablo Rios

6.     Plaintiff Pablo Rios is an individual residing in DuPage County, Illinois. He has standing to file this lawsuit.

7.     Rios is a cellular telephone sales employee of Defendant, who worked for Defendant in Illinois. He began working for Defendant on or about June 10, 2020 to present.

8.     At all times relevant, Plaintiff was Defendant's employee as that term is defined by the FLSA and IMWL. 29 U.S.C. § 203(e)(1); 820 ILCS 105/3(d).

2

9.      Rios has been paid an hourly rate of approximately $13-15/hour but does not receive overtime premium pay for hours worked over forty, and Defendant does not include earned commissions in Rios' regular rate of pay when calculating overtime premium pay.

10.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

**B.      Putative Collective Action Members**

11.     Plaintiff brings this action on behalf of himself and on behalf of other similarly situated workers under the FLSA pursuant to 29 U.S.C § 216(b).

12.     The putative Collective Action Members are:

All current or former sale employees of Defendant who were paid on an hourly/commission basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

13.     Because Defendant did not pay all overtime premium compensation due to its employees paid on an hourly basis who routinely worked in excess of 40 hours per workweek, Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

14.     Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

15.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.      Putative IMWL Class Action Members**

16.     Plaintiff also brings this action on behalf of himself and on behalf of other similarly situated workers in the state of Illinois pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     The putative IMWL Class Action Members are:

All current or former sale employees of Defendant who worked in Illinois and were paid on an hourly/commission basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

18.     Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

19.     Plaintiff is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**D.    Defendant Metro Communication USA LLC**

20.     Defendant Metro Communication USA LLC is a limited liability company organized under the laws of the state of Illinois.

21.     During all times relevant to this lawsuit, Defendant has done business in the state of Illinois.

22.     Defendant's principal place of business, as listed with the Illinois Secretary of State is 7207 W. 63rd Street; Summit, IL 60501.

23.     At all times relevant to this lawsuit, Defendant was Plaintiff's employer as that term is defined by the FLSA and the IMWL. 29 U.S.C. § 203(d); 820 ILCS 105/3(c).

24.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

25.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

26.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

27.    Defendant employed two or more employees who regularly engaged in commerce in their daily work, including, but not limited to: selling consumer electronics.

28.    Furthermore, Defendant employed two or more employees who regularly handled, sold or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include: consumer electronics.

29.    On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

30.    Defendant may be served with summons through its registered agent Amer Hijazi at 7207 West 63rd Street, Summit, IL 60501.

### III.    JURISDICTION AND VENUE

31.    This Court has federal question jurisdiction over the claims brought under the FLSA pursuant to 28 U.S.C. § 1331.

32.    This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

33.    This Court has personal jurisdiction over Defendant because Defendant does business in this District and because many of the acts complained of and giving rise to the claims alleged herein occurred in this District.

34.    Venue is proper in this District and Division pursuant to 28 U.S.C.§ 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this District and Division.

## IV.    FACTUAL BACKGROUND (APPLIES TO ALL CAUSES OF ACTION)

35.    Defendant is a company engaged in the sale of consumer electronics as a franchise of Metro by T-Mobile.

36.    Plaintiff has worked for Defendant as a nonexempt cellular telephone sales employee of Defendant beginning on or about June 10, 2020. Defendant paid Plaintiff an hourly rate of approximately $13-15/hour as well as additional commission payments. However, regardless of how many hours Plaintiff worked, Defendant only compensated him for forty hours of work in each workweek.

37.    During times relevant, Defendant employed numerous nonexempt sales employees in connection with their consumer electronic sales business who are/were similarly situated to Plaintiff. Those employees were also paid on a mixed hourly and commissions basis.

38.    Defendant typically staffs only one employee at a time at each of its locations, leading to long hours of work each day and week. Plaintiff and similarly situated sales employees frequently worked in excess of forty hours in a seven-day workweek for Defendant.

39.    For instance, in workweek of July 12, 2020, through July 18, 2020, Plaintiff worked a total of approximately 62.3 hours, yet only received pay for 40 hours of work.

40.    Similarly, in the workweek of September 13, 2021, through September 19, 2021, Plaintiff worked a total of approximately 62.1 hours, yet only received pay for 40 hours of work.

41.    Defendant did not include all remuneration (commissions and non-discretionary bonuses) in Plaintiff or the putative Collective Action Members' respective regular rates of pay when paying overtime compensation because it did not pay any overtime wages to Plaintiff or similarly situated employees.

42.     Defendant willfully failed to pay Plaintiff and similarly situated sales employees overtime wages for all hours worked over forty at a rate of time and one half their respective regular rates of pay.

### V.     FLSA CLAIMS FOR OVERTIME AND REGULAR RATE VIOLATIONS

#### A.     FLSA Coverage.

43.     At all relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

44.     Plaintiff and the putative Collective Action Members are/were employees of Defendant pursuant to the FLSA. 29 U.S.C. § 203(e).

45.     At all relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

46.     At all times relevant, Defendant has employed and continues to employ two or more employees including Plaintiff and the putative Collective Action Members who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

47.     At all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

#### B.     FLSA Allegations

48.     The FLSA applied to Plaintiff and the putative Collective Action Members when they worked for Defendant.

49.     Plaintiff and the putative Collective Action Members are/were paid on a mixed hourly/commission basis and were paid certain non-discretionary bonuses in connection with their work for Defendant.

50.     At all material times, Plaintiff and the putative Collective Action Members regularly work/worked in excess of forty (40) hours per seven-day workweek as employees of Defendant.

51.     The FLSA generally requires that when an employee works more than forty (40) hours in a workweek, an employer must compensate that employee for all hours worked over forty (40) "at a rate no less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

52.     The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee […]." 29 U.S.C. § 207(e).

53.     With only limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

54.     Failing to pay required overtime compensation for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

55.     Defendant is/was required to pay Plaintiff and the putative Collective Action Members time and one-half their respective regular rates of pay for all hours worked over forty (40) in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

56.     Defendant failed to pay Plaintiff and the putative Collective Action Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over forty (40) in each seven-day workweek during the time period relevant to this lawsuit.

**C.      Collective Action Allegations.**

57.     Where, as here, the employer's actions or policies were effectuated on a companywide basis, notice may be sent to all similarly situated persons on a companywide basis.

58.     Plaintiff seeks to bring claims under the FLSA, 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> All current or former sale employees of Defendant who were paid on an
> hourly/commission basis and who are/were not paid time and one-half their
> respective regular rates of pay for all hours worked over 40 during each seven-day
> workweek.

59.     Plaintiff has personal knowledge that other putative Collective Action Members

were paid pursuant to the same policy, namely, that Defendant paid only for forty (40) hours of

work regardless of how many hours were worked in a given seven-day workweek and that

Defendant failed to include all remuneration in the regular rate of pay when calculating overtime

wages due.

60.     Defendant's failure to pay overtime wages results from generally applicable

policies or practices and does not depend on the personal circumstances of the putative Collective

Action Members.

61.     The specific job titles or precise job responsibilities of each putative collective

action member do not prevent collective treatment.

62.     Although the exact amount of damages may vary among the putative collective

action members, their respective damages are easily calculable using a simple formula uniformly

applicable to all of them.

63.     Plaintiff reserves the right to establish sub-classes and/or modify class notice

language as appropriate in any motion to certify a collective action or other proceeding.

64.     Plaintiff further reserves the right to amend the definition of the putative class, or

subclasses therein, if discovery and further investigation reveal that the putative class should be

expanded or otherwise modified.

## VI.     ILLINOIS STATE LAW CLAIMS

### A.     Controlling Illinois State Law and Allegations.

65.     Defendant was the employer as defined by the IMWL of Plaintiff and the putative IMWL Class Members. 820 ILCS 105/3(c).

66.     Plaintiff and the putative IMWL Class Members were the employees of Defendant as defined by the IMWL. 820 ILCS 105/3(d).

67.     During the prior three years, Defendant required Plaintiff and the putative IMWL Class Members to work more than forty (40) hours in one or more seven-day workweeks.

68.     For all time worked in excess of forty (40) hours in a seven-day workweek, Plaintiff and the putative IMWL Class Members were entitled to be paid one- and one-half times their respective regular rates of pay.

69.     During the prior three years, Defendant did not pay Plaintiff and the putative IMWL Class Members one- and one-half times their respective regular rates of pay for all hours worked over forty (40) in each seven-day workweek.

70.     During the prior three years, Defendant failed to include all remuneration in the regular rate of pay when calculating Plaintiff and the IMWL Class Members' respective regular rates of pay because it did not pay any compensation for hours worked over forty (40).

### B.     Class Action Allegations.

71.     Plaintiff brings his claims for relief under Illinois State Law, listed above, for violations of the IMWL as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

10

72.     <u>Numerosity</u> (Fed. R. Civ. P. 23(a)(1)) – the IMWL Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period over fifty (50) individuals worked for Defendant in the state of Illinois.

73.     <u>Commonality</u> (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the IMWL Class including, but not limited to, the following:

     a.  Whether Defendant unlawfully failed to pay all wages owed in violation of the IMWL;

     b.  Whether Defendant maintained a policy or practice of failing to pay the IMWL Class Members for all of their hours of work;

     c.  Whether Defendant maintained a policy or practice of failing to include all remuneration in the regular rate of the IMWL Class when calculating overtime premium pay; and

     d.  The proper measure of damages sustained by the IMWL Class.

74.     <u>Typicality</u> (Fed. R. Civ. P. 23(a)(3)) – Plaintiff's claims are typical of those of the IMWL Class Members. Plaintiff, like other IMWL Class Members, was subjected to Defendant's policy or practice of refusing to pay for work over forty hours in a given workweek at a rate of one- and-one-half times the regular rate of pay. Plaintiff's job duties and claims are typical of those of the putative IMWL Class.

75.     <u>Adequacy</u> (Fed. R. Civ. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative IMWL Class. Plaintiff does not have any conflict with any member of the putative IMWL Class.

76.     <u>Adequacy of Counsel</u> (Fed. R. Civ. P. 23(g)) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment

litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting overtime and regular rate violations under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative IMWL Class.

77.     <u>Predominance and Superiority</u> (Fed. R. Civ. P. 23(b)(3)) – Class certification of the claims of the putative IMWL Class is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative IMWL Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies or practices unlawfully fail to compensate the putative IMWL Class Members. The damages suffered by individual members of the putative IMWL Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's policy or practice.

78.     <u>Notice</u> (Fed. R. Civ. P. 23(c)(2)(B)) Plaintiff intends to send notice to all of the putative IMWL Class Members to the extent provided by Rule 23.

79.     Plaintiff proposes that the class to be certified be preliminarily defined as:

All current or former sale employees of Defendant who worked in Illinois and were paid on an hourly/commission basis and who are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each seven-day workweek.

80.     Plaintiff reserves the right to refine this definition or establish subclasses in the event that discovery reveals that a more appropriate class definition exists.

## VII.   CAUSES OF ACTION

### A.   First Claim for Relief – Violation of the FLSA

81.    The foregoing conduct, as alleged, violated the FLSA.

82.    Plaintiff and the putative Collective Action Members were employees of Defendant under the FLSA. 29 U.S.C. §§ 203(d) & 203(e)(1).

83.    Defendant was and is required to pay its nonexempt employees like Plaintiff and the putative Collective Action Members, time and one-half their respective regular rates of pay for all hours of work over forty in a seven-day workweek. 29 U.S.C. § 207.

84.    Defendant failed to pay Plaintiff and the putative Collective Action Members their federally-mandated overtime wages for all hours worked over forty (40) in each seven-day workweek due to its policy or practice of paying for only forty (40) hours of work per workweek regardless of how many hours they worked in each week and by failing to include all remuneration (commissions and non-discretionary bonuses) in their respective regular rates of pay when calculating overtime wages due. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108.

85.    Accordingly, Plaintiff and the putative Collective Action Members are entitled to back pay and liquidated damages for Defendant's failure to pay all overtime wages due to them. 28 U.S.C. § 207; 29 C.F.R. § 778.108.

86.    Defendant's conduct was willful and done to avoid paying minimum wages and overtime. 28 U.S.C. § 255(a). Therefore, Plaintiff and the putative Collective Action Members are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

87.    Plaintiff seeks all damages to which he and the putative Collective Action Members are entitled under the FLSA, including back overtime wages, liquidated damages, attorney's fees and costs, post-judgment interest, and such other and further relief as provided therein. Plaintiff

specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

**B.**     <u>**Second Claim for Relief – Violation of the IMWL**</u>

88.     The foregoing conduct, as alleged, violates the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL").

89.     The IMWL requires employers to pay nonexempt employees overtime compensation "for a workweek of more than 40 hours […] at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a.

90.     Illinois wage and hour laws provide greater protections for workers than the FLSA. Therefore, Illinois wage and hour laws apply to Plaintiff and the IMWL Class Members. 29 U.S.C. § 218(a).

91.     Throughout the time period relevant to this claim for relief, Plaintiff and the putative IMWL Class Members worked in excess of forty hours in a seven-day workweek for Defendant without receiving 1 1/2 times their respective regular rates of pay due to Defendant's uniformly applicable policy and/or practice of only paying for forty hours of work per week and failing to include all remuneration in the regular rate of pay.

92.     Plaintiff seeks all damages to which he and the putative IMWL Class Members are entitled under the IMWL, including damages for the three (3) years prior to the filing of this lawsuit, treble damages, and punitive damages in an amount of five percent (5%) per month of the amount of the underpayments, reasonable attorney's fees and costs, and such other and further relief as provided therein. 820 ILCS 105/12(a).

## VIII.   **DEMAND FOR JURY TRIAL**

93.    Plaintiff demands a jury trial on all issues of liability or damages to which he is entitled to a jury trial.

## IX.   **DAMAGES AND PRAYER**

94.    Plaintiff asks that the Court issue a summons for Defendant to appear and answer, and that Plaintiff and the putative Class and Collective Action Members be awarded a judgment against Defendant or order(s) from the Court for the following:

a.  An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

b.  An award of all damages due to Plaintiff and the Collective Action Members under the FLSA, including all unpaid overtime compensation, liquidated damages, all recoverable costs of action incurred, attorneys' fees pursuant to 29 U.S.C. § 216, and post judgment interest;

c.  An order certifying that the IMWL Claims may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

d.  Designation of Plaintiff Pablo Rios as Representative of the IMWL Class Action Members;

e.  Designation of Plaintiff's Counsel as Class Counsel for the IMWL Class Action Members;

f.  An award of all damages due under the IMWL to Plaintiff and the IMWL Class Action Members, including all unpaid overtime compensation, treble damages, punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a), reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

g.  Such other and further relief as the Court may deem just and proper.

Dated:  April 28, 2022                    Respectfully submitted,

By:     */s/ Douglas M. Werman*
        Douglas M. Werman
        Maureen A. Salas
        WERMAN SALAS P.C.

15

77 W. Washington St., Ste. 1402
Chicago, IL 60602
T: (312) 419-1008
F: (312 419-1025
dwerman@flsalaw.com
msalas@flsalaw.com

Ricardo J. Prieto *
Melinda Arbuckle *
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
T: (713) 621-2277
F: (713) 621-0993
rprieto@eeoc.net
marbuckle@eeoc.net

*Pro Hac Vice Application Forthcoming

ATTORNEYS FOR PLAINTIFF AND PUTATIVE
CLASS AND COLLECTIVE ACTION MEMBERS